LAW OFFICES OF JOSEPH P.H. AHUNA, JR.

JOSEPH P. H. AHUNA, JR      3387
DAVID K. AHUNA              9540
Kaneohe Atrium
46-005 Kawa Street, Suite 307
Kaneohe, Hawaii     96744
Telephone:   (808) 235-4000
Facsimile: (808) 247-3821
Email: Hawaiilaw@ahunalaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELODY BELL,<br><br>          Plaintiff,<br><br>     v.<br><br>INSTANT BRANDS, INC., a<br>Canadian Corporation and DOE<br>DEFENDANTS 1-100,<br><br>          Defendants. | Civil No. 1:24-cv-00371<br>(Personal Injury – Product Liability)<br><br>COMPLAINT |

## COMPLAINT

Plaintiff MELODY BELL, by and through her attorneys, the Law Office of Joseph P.H. Ahuna, Jr., hereby submits the following Complaint against Defendants INSTANT BRANDS, INC., a Canadian Corporation and DOE DEFENDANTS 1-100 (hereinafter "Defendants"), and sets forth, alleges and avers as follows:

1. Plaintiff Melody Bell ("Plaintiff") is a resident and citizen of the City and County of Honolulu, State of Hawaii.

2. INSTANT BRANDS, INC. ("Defendant INSTANT") is a Canadian corporation with is principal place of business at 495 March Road, Suite 200, Kanata, ON, Canada K2K 3G1, and as such is deemed to be a citizen of the Country of Canada.   As such, Defendant is a resident and citizen of a foreign country.

3. Doe Defendants 1-100 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to the Plaintiffs except that they are connected in some manner with the named Defendants and/or the parents, guardians, agents, servants, employees, employers, representatives, co-venturers, associates, vendors, suppliers, manufacturers, subcontractors or contractors, and/or owners, lessees, assignees, licensees, designers and architects of the named Defendant and/or in some manner presently unknown to the Plaintiffs, engaged in activities alleged herein and/or were in some manner responsible for the injuries or damages to Plaintiffs and/or manufactures and/or design and/or placed on the market a product which was defective; which defect was a proximate cause of injuries or damages to Plaintiffs and/or inspected and/or maintained and/or controlled some object or product in a negligent manner, which negligence was a proximate cause of injuries or damages to Plaintiffs and/or conducted some activity in a negligent or dangerous

2

manner; which negligent or dangerous conduct was a proximate cause of injuries or damages to Plaintiffs and/or where in some manner related to the named Defendant and Plaintiffs pray for leave to insert herein their true names, identities, capacities, activities and/or responsibility when the same are ascertained.

4.     At all relevant times, Defendant INSTANT designed, manufactured, marketed, imported, distributed and sold a variety of consumer kitchen products such as pressure cookers throughout the United States, including Hawaii.

5.     At all relevant times, Defendant INSTANT was present and/or doing business in the State of Hawaii.

6.     At all relevant times, Defendant INSTANT transacted, solicited, and/or conducted business, whether through retail stores or through internet merchants, in the State of Hawaii and derived substantial revenue from such business.

7.     At all relevant times, Defendant INSTANT expected or should have expected that their acts would have consequences within the United States of America and within the State of Hawaii.

8.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties as Plaintiff and Defendants are

3

citizens of different states and/or countries.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all or a substantial part of the events and/or omissions giving rise to this claim as described herein occurred in this district, and Defendants are subject to personal jurisdiction in this district.

10.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with the State of Hawaii and have intentionally availed itself of the markets within Hawaii through the promotion, sale, marketing, and distribution of its products.

11.     At all relevant times, any and all acts and/or omissions described in this Complaint were done by the agents, servants and/or employees of the Defendants within the scope of their employment and office.   As such, Defendants are liable to Plaintiff for all injuries and damages proximately resulting from the acts and/or omissions of agents, servants and/or employees of Defendants under the Respondeat Superior Doctrine.

12.     At all relevant times, Defendant INSTANT designed, manufactured, marketed, imported, distributed and sold a wide range of consumer kitchen products, including the subject "Instant Pot Electric Pressure Cooker," which specifically includes the Duo Nova 60 (hereinafter referred to as "pressure cooker(s)") that is at

issue in this case.

13.    At all relevant times, Defendant INSTANT touted the "safety" of its pressure cookers, and stating that the lids of the pressure cookers will not open while the unit remains pressurized.

14.    Despite Defendant INSTANT's claims of "safety," it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, pressure cookers that suffered from serious and dangerous defects that caused significant risk of bodily harm and injury to its consumers.

15.    Specifically, the lids of Defendant INSTANT's pressure cookers are removeable and/or pop open while the pressure cookers are still pressurized, causing scalding hot contents to be projected from the unit and into the surrounding area, including onto unsuspecting consumers.

16.    On or about August 30, 2022, Plaintiff was in her home located in Ewa Beach, Hawaii, using a pressure cooker that was designed, manufactured, marketed, imported, distributed and/or sold by Defendant INSTANT.

17.    While Plaintiff was using Defendant INSTANT's pressure cooker pursuant to its normal and directed use, the lid of the pressure cooker popped open while it was still pressurized, causing scalding hot contents to eject from the pressure cooker onto Plaintiff.

18.     As a result of the incident described above, Plaintiff suffered serious, severe, and permanent physical, mental, and emotional injuries, burns, and damages throughout her body, including but not limited to her stomach and thigh area.

19.     The incident described herein occurred as a result of the failure of "safety mechanisms" of Defendant INSTANT's pressure cooker, which purports to keep the consumer safe while using the pressure cooker.

20.     The incident described herein also occurred as the result of Defendant INSTANT's failure to redesign the pressure cookers, even though it knew or should have known that said pressure cookers were defective as described herein and despite the existence of economical, safer alternative designs.

21.     Defendant INSTANT knew or should have known of these defects, but instead chose to put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

22.     Defendant INSTANT ignored and/or concealed its knowledge of these defects in its pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure

cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

23.    As a direct and proximate result of Defendant INSTANT's conduct, Plaintiff incurred significant and painful bodily injuries, past and future medical expenses, lost wages, loss of earning capacity, physical pain, mental anguish, diminished enjoyment of life, disfigurement, and other injuries and damages to be shown a trial.

24.    Prior to and at the time of the incident described above, Defendant INSTANT was engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cooker at issue in this litigation.

25.    Prior to and at the time of the incident described above, Defendant INSTANT aggressively warranted, marketed, advertised and sold its pressure cookers as safe, convenient, and effective kitchen appliances with advanced safety mechanisms.

26.    Prior to and at the time of the incident described above, Defendant INSTANT utilized numerous media outlets including, but not limited to, infomercials, social media websites such as YouTube, and third-party retailers to

further propagate its message that the pressure cookers were safe, convenient, and effective kitchen appliances with advanced safety mechanisms.

27. Prior to the incident described above, Plaintiff bought, received, and/or used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

28. Prior to the incident described above, Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant INSTANT.

29. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant INSTANT in that it failed to prevent the lid from being removed and/or popping open while the unit remained pressurized during the ordinary, foreseeable and proper use of cooking food with the product, placing the Plaintiff and similar consumers in danger while using the pressure cookers.

30. Prior to and at the time of the incident described above, Defendant INSTANT's pressure cookers possessed defects that made them unreasonably dangerous for their intended use by consumers because the lid could be opened

and/or pop open while the unit remained pressurized, causing scalding hot content to be projected from the pressure cooker onto unexpecting consumers.

31.   Prior to and at the time of the incident described above, Defendant's representations about "safety" were misleading and put innocent consumers like Plaintiff directly in harm's way.

32.   Prior to and at the time of the incident described above, safer alternative designs were available that could have prevented Defendant INSTANT's pressure cooker's lid from being opened while pressurized.

33.   Prior to and at the time of the incident described above, Defendant INSTANT knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public.

34.   Despite this knowledge, Defendant INSTANT ignored and/or concealed its knowledge of the pressure cookers' defects from the general public and continued to generate a substantial profit from the sale of its pressure cookers.

35.   As a direct and proximate result of Defendant INSTANT's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an

unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries and damages to Plaintiff as described herein..

## COUNT I
## STRICT LIABILITY

36.     Paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37.     Prior to and at the time of the subject incident, Defendant INSTANT was a manufacturer, seller, and/or lessor of the pressure cooker used by Plaintiff in the subject incident.

38.     Defendant INSTANT's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

39.     At all times relevant herein, Defendant INSTANT's pressure cookers were in the same or substantially similar condition as when they left the possession of Defendant INSTANT.

40.     Prior to and at the time of the subject incident, Plaintiff did not misuse or materially alter her pressure cooker.

41.     Defendant INSTANT's pressure cooker was defective because the lids of the pressure cooker could be removed and/or pop open while the pressure cookers were still pressurized, causing scalding hot contents to be projected from the unit and into the surrounding area, including onto unsuspecting consumers such as Plaintiff.

10

42.    Defendant INSTANT's pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

43.    The pressure cooker designed, manufactured, sold, and supplied by Defendant INSTANT that was used by Plaintiff in the subject incident were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers such as Plaintiff.

44.    Defendant INSTANT failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur.

45.    Defendant INSTANT failed to warn and place adequate warnings and instructions on the Pressure Cookers

46.    Defendant INSTANT failed to adequately test the pressure cookers.

47.    Defendant INSTANT failed to market an economically feasible alternative design, despite the existence of the aforementioned economical and/or safer alternatives that could have prevented the Plaintiff' injuries and damages.

48.    Defendant INSTANT's defective pressure cooker as described herein was the direct, proximate, and/or legal cause of Plaintiff's injuries and damages.

49.    As a direct and proximate result Defendant INSTANT'S acts and/or

omissions described above, Plaintiff suffered severe and permanent physical, mental, and emotional injuries, bodily injuries, severe emotional and mental distress, permanent scarring and disfigurement, psychological trauma and distress, and other damages as described in this Complaint and to be shown at trial.

## COUNT II
## NEGLIGENCE

50.     Paragraphs 1 through 49 are re-alleged and incorporated herein by reference.

51.     Defendant INSTANT owed a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff.

52.     Defendant INSTANT failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant INSTANT knew or should have known that said Pressure Cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

53.     Defendant INSTANT was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, and breached its duty of care as follows:

        a. Failed to use due care in designing and manufacturing the pressure

12

cookers to avoid the aforementioned risks to individuals;

b. Negligently manufacturing, marketing, designing, selling, and/or distributing a pressure cooker that could be opened or pop open while the pressure cooker was still pressurized, when it knew or in the exercise of reasonable care should have known said condition could cause injuries to Plaintiff in the manner described herein;

c. Failed to warn consumers such as Plaintiff of the dangerous condition of the pressure cooker as described herein;

d. Negligently placing an unsafe product into the stream of commerce;

e. Aggressively over-promoting and marketing its Pressure Cookers through television, social media, and other advertising outlets, even though it knew said pressure cookers were defective and dangerous; and

f. Other negligent acts and/or omissions yet to be determined.

54. Defendant INSTANT knew or should have known that consumers, such as Plaintiff, would foreseeably suffer injury as a direct and proximate result of Defendant INSTANT's negligent acts and/or omissions described herein.

55. As a direct and proximate result of Defendant INSTANT'S negligent acts and/or omissions described herein, Plaintiff suffered severe and permanent

physical, mental, and emotional injuries, bodily injuries, severe emotional and mental distress, permanent scarring and disfigurement, psychological trauma and distress, and other damages as described in this Complaint and to be shown at trial.

**COUNT III**
**NEGLIGENT DESIGN DEFECT**

56. Paragraphs 1 through 55 are re-alleged and incorporated herein by reference.

57. At all relevant times mentioned herein, Defendant INSTANT was the manufacturer, seller, distributor, marketer, and supplier of the subject Pressure Cookers, which was negligently designed.

58. Defendant INSTANT failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its Pressure Cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

59. As a result, the subject Pressure Cookers, including Plaintiff's Pressure Cooker, contained defects in their design which rendered them unreasonably dangerous to consumers, such as Plaintiff, when used as intended or as reasonably foreseeable to Defendant.

60. Defendant INSTANT's pressure cookers, including Plaintiff's Pressure Cooker, as manufactured, assembled, or distributed were different from Defendant

14

INSTANT's intended result.

61.    Defendant INSTANT's pressure cookers, including Plaintiff's Pressure Cooker, were defective because the lid of the pressure cooker could be opened and/or would pop open while the unit remained pressurized, causing scalding hot contents to be projected from the unit and into the surrounding area onto unsuspecting consumers, including Plaintiff.

62.    This defect made Defendant INSTANT's pressure cookers dangerously defective for its intended or reasonably foreseeable use.

63.    Defendant INSTANT failed to take reasonable measures to design the pressure cooker to protect against the foreseeable risk of injury to consumers such as Plaintiff.

64.    Plaintiff in this case used her Pressure Cooker in a reasonably foreseeable manner and did so as substantially intended by Defendant.

65.    The subject Pressure Cooker was not materially altered or modified after being manufactured by Defendant and before being used by Plaintiff.

66.    The design defect which allowed the lid to open and/or pop open while the pressure cooker was still pressurized directly rendered the Pressure Cookers defective and was the direct and proximate result of Defendant's negligence and failure to use reasonable care in designing, testing, manufacturing, and promoting the

Pressure Cookers.

67.    As a direct and proximate result Defendant INSTANT'S negligent design of its pressure cookers, Plaintiff suffered severe and permanent physical, mental, and emotional injuries, bodily injuries, severe emotional and mental distress, permanent scarring and disfigurement, psychological trauma and distress, and other damages as described in this Complaint and to be shown at trial.

**COUNT IV**
**NEGLIGENT FAILURE TO WARN**

68.    Paragraphs 1 through 67 are re-alleged and incorporated herein by reference.

69.    At the time in which the Pressure Cooker was purchased, up through the time Plaintiff was injured, Defendant INSTANT knew or should have known that its Pressure Cookers were dangerous and created an unreasonable risk of harm to consumers if it was used in an intended or reasonably foreseeable manner, including reasonably foreseeable misuse.

70.    Defendant INSTANT also had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its Pressure Cookers likely to be dangerous.

71.    Defendant INSTANT failed to warn consumers such as Plaintiff that the pressure cookers were dangerous and that the lid of the pressure cookers could be

opened and/or pop open while still pressurized and cause scalding hot contents to project from the pressure cooker onto consumers such as Plaintiff.

72.     As a direct and proximate result of Defendant INSTANT's failure to warn as described herein, Plaintiff suffered severe and permanent physical, mental, and emotional injuries, bodily injuries, severe emotional and mental distress, permanent scarring and disfigurement, psychological trauma and distress, and other damages as described in this Complaint and to be shown at trial.

## COUNT V
## BREACH OF EXPRESS WARRANTY

73.     Paragraphs 1 through 72 are re-alleged and incorporated herein by reference.

74.     Defendant INSTANT expressly warranted that its Pressure Cookers were safe and effective to members of the consuming public, including Plaintiff.

75.     Defendant INSTANT expressly warranted that the lid of the Pressure Cooker could not be removed or open while the unit remained pressurized.

76.     Defendant INSTANT's Pressure Cookers did not conform to these express representations because the lid can be removed and/or pop open while the units remain pressurized, making it unsafe for use by consumers such as Plaintiff.

77.     Defendant INSTANT breached its express warranty in one or more of the following ways:

17

a.  The Pressure Cookers as designed, manufactured, sold and/or supplied by Defendant INSTANT were defectively designed and placed in to the stream of commerce by Defendant INSTANT in a defective and unreasonably dangerous condition as described herein;

b.  Defendant failed to warn and/or place adequate warnings and instructions on its Pressure Cookers;

c.  Defendant failed to adequately test its Pressure Cookers;

d.  Defendant failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury from its Pressure Cookers; and

e.  Such other breaches to be determined.

78.    The Plaintiff in this case purchased the Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

79.    Plaintiff's injuries were the direct and proximate result of Defendant INSTANT's breach of its express warranty.

80.    Despite the fact that Defendant INSTANT knew or should have known that the lids of the pressure cookers could open and/or would pop open while the Pressure Cookers were still pressurized, Defendant INSTANT continued to market

and sell its Pressure Cookers to the general public (and continues to do so).

81.    As a direct and proximate result of Defendant INSTANT's breach of express warranty as described herein, Plaintiff suffered severe and permanent physical, mental, and emotional injuries, bodily injuries, severe emotional and mental distress, permanent scarring and disfigurement, psychological trauma and distress, and other damages as described in this Complaint and to be shown at trial.

**COUNT VI**
**BREACH OF IMPLIED WARRANTY OF FITNESS**
**FOR A PARTICULAR PURPOSE**

82.    Paragraphs 1 through 81 are re-alleged and incorporated herein by reference.

83.    Defendant INSTANT manufactured, supplied, and sold its Pressure Cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

84.    Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

85.    Defendant INSTANT's Pressure Cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use as described herein.

86.    Plaintiff in this case reasonably relied on Defendant INSTANT's

representations that its Pressure Cookers were a quick, effective and safe means of cooking.

87. Defendant INSTANT's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

88. Despite the fact that Defendant INSTANT knew or should have known that the lids of the Pressure Cookers could be removed and/or pop open while the Pressure Cookers were still pressurized, Defendant INSTANT continued to market and sell its Pressure Cookers to the general public (and continues to do so).

89. As a direct and proximate result of Defendant INSTANT's breach of implied warranty of fitness for a particular purpose as described herein, Plaintiff suffered severe and permanent physical, mental, and emotional injuries, bodily injuries, severe emotional and mental distress, permanent scarring and disfigurement, psychological trauma and distress, and other damages as described in this Complaint and to be shown at trial.

## COUNT VII
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

90. Paragraphs 1 through 89 are re-alleged and incorporated herein by reference.

91. At the time Defendant INSTANT marketed, distributed and sold its

Pressure Cookers to the Plaintiff in this case, Defendant INSTANT warranted that its Pressure Cookers were merchantable and fit for the ordinary purposes for which they were intended.

92.   Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty and were reasonably expected to use or be affected by the product.

93.   Defendant INSTANT's Pressure Cookers were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein.

94.   Plaintiff purchased and/or used Defendant INSTANT's Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that they were safe for its intended, foreseeable use of cooking.

95.   Defendant INSTANT's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

96.   Despite the fact that Defendant INSTANT knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant INSTANT continued to market and sell its Pressure Cookers to the general public (and continues to do so).

21

97.    As a direct and proximate result of Defendant INSTANT's breach of implied warranty of merchantability as described herein, Plaintiff suffered severe and permanent physical, mental, and emotional injuries, bodily injuries, severe emotional and mental distress, permanent scarring and disfigurement, psychological trauma and distress, and other damages as described in this Complaint and to be shown at trial.

## COUNT VIII
## GROSS NEGLIGENCE

98.    Paragraphs 1 through 97 are re-alleged and incorporated herein by reference.

99.    At all times material hereto, Defendant INSTANT knew or should have known that the use of the pressure cookers could result in serious harm and death.

100.   At all times material hereto, Defendant INSTANT engaged in conduct that constitutes malice, oppression or fraud, including without limitation the misrepresentations, warranties and omissions set forth above.

101.   Defendant INSTANT continued to aggressively market the pressure cookers to consumers, such as Plaintiff, without disclosing the fact that use of the pressure cookers could cause serious injuries because it was ineffective, unsafe, and dangerous.

102.   Defendant INSTANT did so knowing that their failure to reveal the probable consequences of using the pressure cookers would seriously injure

22

consumers, including Plaintiff, in order to make a profit and in so doing they acted with malice.

103.   In addition, Defendant INSTANT intentionally and falsely represented and warranted that the pressure cookers were safe when they knew that, in fact, the pressure cookers were unsafe and posed a serious risk of injury to consumers, including Plaintiff, and concealed the true risks of the pressure cookers as alleged herein. In so doing, they acted with fraud.

104.   Defendant INSTANT's intentional and/or reckless failure to disclose information deprived Plaintiff of necessary information to enable Plaintiff to weigh the true risks of the pressure cooker against the benefits in making her decision to use the pressure cooker.

105.   As a direct and proximate result of the Defendant INSTANT's conscious and deliberate disregard for the rights and safety of consumers, Plaintiff suffered severe injury and loss. Plaintiff seeks actual and punitive damages from Defendant INSTANT as alleged herein.

106.   The above acts and/or omissions of Defendant INSTANT described above were so grossly negligent, outrageous, willful, wanton and/or reckless and done in conscious disregard of the rights and safety of the public and Plaintiff as to justify the imposition of the punitive and/or exemplary damages.   Plaintiff asks leave of this

Court to assert and recover such damages should the evidence warrant such damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.      General damages in an amount to be proven at trial but in excess of the minimum jurisdiction of this Court;

2.      Special damages, including but not limited to, Plaintiff's medical expenses (past and future), lost wages (past and future), and loss of earning and/or working capacity in an amount to be proven at trial but in excess of the minimum jurisdiction of this Court;

3.      Punitive damages in an amount to be proven at trial;

4.      Interest and pre-judgment interest;

5.      Attorney's fees and costs; and

6.      Such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, August 29, 2024

/s/ David K. Ahuna_____
JOSEPH P.H. AHUNA, JR.
DAVID K. AHUNA

Attorneys for Plaintiff

24